IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,385-01






EX PARTE HUNTER MICHAEL DAVENPORT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-2-007826-0928884-A IN THE 


CRIMINAL DISTRICT COURT TWO FROM TARRANT COUNTY






Per curiam.


O R D E R


 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated sexual assault of a child and sentenced to thirty-two (32) years' imprisonment. The
Second Court of Appeals affirmed his conviction. Davenport v. Texas, No. 2-05-170-CR, (Tex.
App.- Fort Worth, 2006, no. pet.). 

 Applicant contends inter alia that his counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed and failed advise him of his
right to petition for discretionary review pro se. Applicant contends that he did not receive
correspondence from counsel at the Choice Moore Unit during the time period that he could have
filed a petition for discretionary review pro se. 

 The trial court has entered findings of fact and conclusions of law recommending that relief
be denied. The record contains an affidavit from Danny Duane Pitzer who represented Applicant
at trial and on appeal. However, the affidavit does not specify whether counsel advised Applicant
of his right to file a petition for discretionary review pro se. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant's claim of ineffective assistance
of counsel on appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's appellate counsel timely
informed Applicant that his conviction had been affirmed and that he had a right to file a petition for
discretionary review pro se. The trial court shall also make findings as to whether Applicant
received correspondence from counsel at the Choice Moore Unit during the time period when he
could have filed a petition for discretionary review pro se. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: February 14, 2007

Do not publish